IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1523 |
| TREESDALE, INC., PITTSBURGH METALS PURIFYING COMPANY, | ) ) ) ) | Judge Schwab Magistrate Judge Hay |
| Defendants. | ) ) | |

<u>MEMORANDUM ORDER</u>

The plaintiffs bring this suit seeking the reformation of certain comprehensive general liability insurance policies issued separately by Westchester Fire Insurance Company ("Westchester") and The North River Insurance Company ("North River") between 1986 and 1991 to include asbestos exclusions. These exclusions were allegedly inadvertently omitted from the policies. These exclusions would bar coverage for underlying asbestos-related personal injury claims that are pending or were filed against Treesdale, Inc. ("Treesdale") and/or Pittsburgh Metals Purifying Company ("Pittsburgh Metals"). Currently, Westchester is defending and/or indemnifying Treesdale and/or Pittsburgh Metals in connection with certain of the underlying claims under a reservation of rights.

In addition to the reformation, the plaintiffs seek a declaratory judgment that the asbestos exclusions in the reformed policies bar coverage for the underlying claims and that plaintiffs do not owe defendants a defense or indemnity in connection with those claims. Further, plaintiffs seek a declaration that coverage is otherwise barred under the remaining terms,

conditions and/or exclusions of the policies at issue. Lastly, the plaintiffs seek a declaration that Westchester is entitled to reimbursement of any and all sums incurred in indemnifying and/or defending the defendants in connection with the underlying asbestos-related claims.

At the time the plaintiffs filed suit they indicated that this case was related to a previously terminated action in this court, <u>Liberty Mutual Insurance Company v. Treesdale, Inc. and Pittsburgh Metals Purifying Company</u> ("<u>Liberty Mutual</u>"), Civil Action No. 02-2179. In <u>Liberty Mutual</u>, the plaintiff brought a declaratory judgment action seeking a determination of its rights and obligations under umbrella excess liability insurance policies issued to Treesdale between 1975 and 1985 with respect to lawsuits initiated against Pittsburgh Metals by individuals claiming to have sustained bodily injury as a result of exposure to asbestos-containing products manufactured or sold by Pittsburgh Metals. The issue presented in <u>Liberty Mutual</u> concerned the limits of liability and in particular, whether the non-cumulation of liability-same occurrence provision of the policies acted to limit Liberty Mutual's coverage to $5 million rather than the $26 million claimed by Treesdale and Pittsburgh Metals.

Presently before the court is the defendants' Motion for Reassignment (doc. 8), wherein defendants argue that the case is not related to <u>Liberty Mutual</u> and should be reassigned pursuant to the random assignment procedure required by Local Rule ("LR") 40.1.C.

Pursuant to LR 40.1.C., cases are generally assigned via a random assignment procedure. However, if a case is related to another case docketed in the court, pursuant to LR 40.1.E., such a case is removed from the random assignment procedure and assigned to the judge who was assigned the related case. A civil case is "deemed related when a case filed relates to property included in another suit, or involves the same issue of fact, or it grows out of the same

transaction as another suit, or involves the validity or infringement of a patent involved in another suit." LR 40.1.D.2.

The defendants argue -- correctly in our view -- that the two cases at issue are not related under the definition set forth in LR 40.1. As defendants point out, the two cases involve entirely different "property" since the disputes in each case concern insurance policies issued by different companies covering different years and containing different terms. As well, the two cases do not involve the same issue of fact or the same transaction. The Liberty Mutual dispute concerned interpretation of a non-cumulation clause to determine the amount of coverage owed. According to the complaint in the instant case, the question presented is not the amount of coverage but whether coverage is owed at all.

The plaintiffs argue that because both actions involve the same underlying asbestos-related claims against Treesdale and/or Pittsburgh Metals the cases involve the same issue of fact and grow out of the same transaction. Plaintiffs point to the case of Sellers v. Philadelphia Police Com'r John Timoney, 2002 WL 32348499 (E.D.Pa. Feb. 7, 2002) in support of their argument.

In Sellers, the district court had pending before it a Section 1983 claim against the City of Philadelphia and certain city officials by Traci Franks and Nathan Ackerman (Franks v. City of Philadelphia, CA 01-1444) for actions taken by the defendants against plaintiffs at a warehouse in Philadelphia which had been rented out to a group of over 100 performance artists and political organizers in advance of the 2000 Republican National Convention ("RNC"). Plaintiffs and other demonstrators were using the space to construct puppets and floats as part of a demonstration at the RNC. Plaintiffs claimed that undercover government agents joined with

3

the group and gained information which was ultimately used against the plaintiffs (and others) in an attempt to frustrate their demonstrations since plaintiffs were arrested and detained pre-arraignment based on their activities at the warehouse. Plaintiffs in three other cases, including Mr. Sellers, designated their cases as related to the <u>Franks</u> case pursuant to a local rule which appears to include a definition of "related" that is identical to ours in LR 40.1.D.2. The plaintiffs in two of the three cases had also worked at the warehouse and had been similarly arrested and detained. The plaintiff in the <u>Sellers</u> case, however, did not participate in the construction activities at the warehouse. He was in Philadelphia apparently to protest at the RNC and was arrested on the streets of Philadelphia while walking near City Hall. He, too, was detained pre-arraignment.

      The district court found that the three cases that arose from activities at the warehouse "grew out of the same transaction" under the definition of the related cases rule, even though

> the cases are hardly identical: different plaintiffs have implicated overlapping but somewhat different defendants, and marginally different legal claims have been made, supported by marginally different factual allegations. Nevertheless, the central events underlying the claims made in both Fried and Cooper - as in Franks - are those which occurred as the alleged consequences of police surveillance and infiltration of the preparations at the warehouse at 4100 Haverford Avenue on July 31 and August 1. The core of similarity among the three cases is of the degree and nature contemplated by Rule 40.1.

2002 WL 32348499, * 3. However, the court found that the claims in the <u>Sellers</u> case "arose out of a transaction entirely distinct from that which gave rise to the <u>Franks</u> case," <u>id.</u>, and referred the case back to the clerk's office for random reassignment.

4

In our view, the Sellers case -- and the others cited by plaintiffs -- do not aid their argument. Although plaintiffs argue that as in Sellers the instant case involves the same underlying central events, that is, the asbestos-related claims, we think that argument stretches LR 40.1.D.2. beyond its proper bounds. Using plaintiffs' argument the Sellers court should have found all of the cases to be related since they all stemmed from planned protests during the RNC. However, the Sellers court did not extend the definition of "related" that far and neither will we. Beyond the fact that the underlying asbestos-related cases exist and apparently triggered notification by the defendants of the plaintiffs in both cases, there appear to be no similarities between the two cases. Liberty Mutual and this case involve entirely different insurance policies issued by different companies covering different years and containing different terms, conditions and/or exclusions. As well, the two cases do not involve the same issue of fact or the same transaction since Liberty Mutual concerned interpretation of a non-cumulation clause to determine the amount of coverage owed, whereas, the instant complaint seeks a determination of whether coverage is owed at all. Accordingly, we find that the cases are not properly related within the meaning of LR 40.1.

AND NOW, this 19th day of April, 2006, for the foregoing reasons, IT IS HEREBY ORDERED that the defendants' Motion for Reassignment (doc. 8) is GRANTED and the case is returned to the Clerk of Court for random assignment pursuant to LR 40.1.C.

IT IS FURTHER ORDERED that if plaintiffs desire review of this Memorandum Order by the District Judge to whom this case is currently assigned, they must file an application

with the Clerk of Court within ten (10) days of the date of this Order.  Failure to do so will waive the right to appeal.  <u>Siers v. Morrash</u>, 700 F.2d 113 (3d Cir. 1983).

                                        /s/   Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

cc:      Christopher R. Carroll, Esquire
         Kristin V. Gallagher, Esquire
         Carroll, McNulty & Kull
         120 Mountain View Boulevard
         P.O. Box 650
         Basking Ridge, NJ 07920

         Kevin P. Lucas, Esquire
         Manion, McDonough & Lucas
         600 Grant Street
         Suite 1414
         Pittsburgh, PA 15219

         Mark D. Shepard, Esquire
         Babst, Calland, Clements & Zomnir, P.C.
         Two Gateway Center, 8th Floor
         Pittsburgh, PA 15222